No. 11,281.

MOUNTAIN STATES BEET GROWERS MARKETING ASSOCIATION
*v.* WAGNER.

Action to annul marketing contract.   Judgment for plaintiff.

*Writ of Error Dismissed.*

1.   EQUITY—*Remedies.*   Equity will not interfere in behalf of one who has an adequate remedy in his own hands, nor help those who refuse to help themselves.

2.   CONTRACT—*Cancellation—Equity.*   One who by simply serving notice may avoid a contract, has no standing in court in an action to cancel the same.

3.   APPEAL AND ERROR—*Moot Questions.*   When no judgment rendered can be carried into effect, the cause is moot and the court will not consider it.

*Error to the District Court of Logan County, Hon. H. E Munson, Judge.*

Mr. H. E. CHURCHILL, Mr. DONALD C. McCREERY, Mr. HUBERT D. WALDO, JR., Mr. MALCOM LINDSEY, Mr. LANGDON H. LARWILL, for plaintiff in error.

Messrs. COEN & SAUTER, Messrs. DINES, DINES & HOLME, for defendant in error.

*En banc.*          .

PER CURIAM.

THESE parties appeared in reverse order in the trial court and we hereinafter so refer to them.

Defendant was organized under the Marketing Act (chapter 142, L. 1923). It had many members, of which plaintiff was one. With each it had a contract appointing it sole agent to market sugar beets. Such crops had to be sold before planted in order for the grower to procure seed and labor. The contract between association and grower was unlimited as to time but contained a provision that either party might cancel it by written notice given on or before November 1, of any year. Plaintiff brought suit in March, 1925, to annul his contract and enjoin its enforcement for that year. A general demurrer to the complaint was overruled and defendant elected to stand. The court found the contract void, but did not expressly cancel it. Decree was ordered March 31, and entered May 5, 1925, enjoining its enforcement for the year 1925, and defendant brings error.

This cause did not reach an issue here until December 27, 1925. It was orally argued and reversed. Rehearing was granted, additional briefs filed, and it was again orally argued. Not until final consideration did it appear to the court, as now seems certain, that the cause is moot. Neither side suggested the point. Otherwise the writ would have been dismissed in the first instance.

Equity will not interfere in behalf of one who has an adequate remedy in his own hands; it will not help those who refuse to help themselves. As this plaintiff could, by simply serving notice, avoid his contract save for the season of 1925, the courts are limited to that period. If plaintiff grew a crop that year under the contract, or failed to give notice before November 1, 1925, he has no standing here. If he gave such notice the contract has terminated.

The season of 1925 had passed before this cause reached us. There was neither contract nor crop for that year upon which a judgment could operate. When no judgment rendered can be carried into effect the cause is moot and the courts will not consider it. *Mills v.*

*Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; *Keely v. Ophir Hill Consol. Mining Co.,* 169 Fed. 601, 605, 95 C. C. A. 99; *Nail v. McCullough,* 88 Okl. 243, 212 Pac. 981.

Writ dismissed.