Opinion by
Mr. Justice Pringle.
Plaintiff in error here, Ellen McGalliard, hereinafter called the mother, was granted a decree of divorce from the defendant in error, Joseph McGalliard, hereinafter called the father. A stipulation was entered into by and between the parties that a child, born as issue of the marriage, be placed in a home suitable to both parties *508 and subject to the right of the father to have the child for one month during the summer. In the event the parties could not agree on a suitable home for the care of the child, they were to submit the matter to the court for determination.
In the summer of 1965, the father took the child to Alaska, enrolled him in school there, and filed a petition for change of custody. After a hearing, the court ordered that the child “return to Alaska with the father and finish the school year only and for that purpose only, [I] am going to change the custody to the father for this period of time.” He then went on to say he did not intend this to be a permanent change of custody and that he would at the end of the school year, consider the question of a permanent order of custody. From this order, the mother brought writ of error here and obtained a stay of execution. In all proceedings prior to oral argument, the mother was represented by the late Honorable Bryan L. Whitehead.
The comments of the trial judge make it perfectly clear that the order appealed from no longer has any efficacy at all. The issues posed to us by this writ of error seek to determine abstract questions which do not rest upon existing facts or rights. Obviously, for instance, an affirmance by us could not carry out the sole intent of the trial judge in the order he issued, that is, that the child finish the 1965-66 school year in Alaska. The trial judge expressed his desire to settle, at the end of the school year, the controversy between the parties as to the best interests of the child. We think we should permit him to do that now.
The writ of error is dismissed as being moot and the matter is remanded to the trial court for such further proceedings as are necessary to determine the best interests of the child at the present time.
Mr. Chief Justice Moore, Mr. Justice Hodges and Mr. Justice Kelley concur.