No. 26005

Bestway Disposal, a Partnership, Englewood-Littleton-Arapahoe Rubbish Removal, Inc., a Colorado corporation, Empire Disposal, Inc., a Colorado corporation, Commerce Refuse Disposal, Inc., a Colorado corporation v. Public Utilities Commission of the State of Colorado: Howard S. Bjelland, Edwin R. Lundborg, and Henry E. Zarlengo, Commissioners: and Denver Cleanup Service, Inc., a Colorado corporation

(520 P.2d 1039)

Decided April 15, 1974.

Robert G. Shepherd, Jr., William Andrew Wilson, for petitioners-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, Irvin M. Kent, Assistant, Eugene C. Cavaliere, Assistant, for respondents-appellees Public Utilities Commission of the State of Colorado; Howard S. Bjelland, Edwin R. Lundborg and Henry E. Zarlengo, Commissioners.

Holland & Hart, Jeffrey C. Pond, for respondent-appellee Denver Cleanup Service, Inc.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The appellants contend that the trial court erred in dismissing their complaint on the grounds of mootness. We affirm the trial court's judgment of dismissal.

Appellee, Denver Cleanup Service, Inc., made application for and was granted temporary contract carrier authority for

180 days by the appellee Public Utilities Commission (PUC) to provide rubbish removal service to four large commercial customers. They had previously been served by the appellee carrier under its certificates of public convenience and necessity. Because these customers were located in an area annexed to Denver, a question arose as to whether the appellee carrier could legally serve them under the territorial grant contained in its certificates. This question was resolved against the appellee carrier. The PUC, faced with these unique circumstances, permitted the appellee carrier to serve these customers for a brief period during which they would have the opportunity to make other arrangements for their rubbish removal.

The authority of the PUC to grant a temporary authority for no more than 180 days is set forth in 1969 Perm. Supp., C.R.S. 1963, 115-6-20(1) which provides:

"To enable the provision of carrier service for which there appears to be an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier, or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the commission shall specify, but for not more than an aggregate of one hundred eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter."

The appellants, all of whom are common carriers authorized to serve in the annexed area, were protestants before the PUC, and by their complaint in the trial court pursuant to 1969 Perm. Supp., C.R.S. 1963, 115-6-15, they sought reversal of this PUC grant of temporary authority on the ground that it was granted in contravention of the provision of law above quoted. The temporary authority expired a short time after the answer to the complaint was filed. The trial court on motion of the appellees dismissed the case on the ground of mootness. It is from this judgment of dismissal that this appeal is taken.

The thrust of the appellants' argument on appeal is that the granting of the temporary authority was based upon an incorrect PUC interpretation of 1969 Perm. Supp., C.R.S. 1963, 115-6-20(1). Conceding that the issue of the case may be technically moot, the appellants argue that the trial court should have made, and this court on appeal should make, a determination as to the correct interpretation of this statute thereby setting guidelines for the PUC when considering future applications for temporary authority.

The appellants also urge that we now rule on the merits of their contentions because the issue involves questions of great public importance; of constitutional rights; and are of a recurring nature. As indicated in *Parker v. People,* 135 Colo. 206, 309 P.2d 605 (1957) and in *Bruce v. Leo,* 129 Colo. 129, 267 P.2d 1014 (1954), the mootness may be by-passed when the case involves such questions. We are also cognizant of the fact that this court has on occasion reviewed trial court decisions where the specific question involved had become moot after judgment of the trial court; however, those cases involved a situation where the matter in contention might be repeated immediately or in the near future as between the same parties. *Page v. Blunt,* 126 Colo. 324, 248 P.2d 1074 (1952) and *Van DeVegt v. Board of Commissioners,* 98 Colo. 161, 55 P.2d 703 (1936).

From a review of this record, we find no basis for making any exception to the application of the mootness doctrine. As indicated previously, the problem confronting the PUC when it granted this temporary authority was unique and arose because of an annexation and a misinterpretation of a territorial grant in certificates of public convenience and necessity. It is also quite obvious that the same situation may never occur again, and in no event could it occur as between the same parties. We are unable also to recognize that anything involved in this moot situation is of great or significant public interest or importance or that any of the constitutional rights of the parties involved here are in jeopardy if no ruling is rendered with regard to the PUC's interpretation of its statutory authority to grant temporary authorities to carriers.

The trial court properly ruled that the controversy between the parties here had been rendered moot when the temporary authority expired by its own terms and no longer had any efficacy. *See McGalliard v. McGalliard,* 165 Colo. 507, 440 P.2d 280 (1968). No compelling reason existed to decide the validity of the appellants' contentions and therefore the trial court properly dismissed this case.

Judgment affirmed.

MR. JUSTICE DAY does not participate.