561 P.2d 345 (1976)
Howard Luis DONELSON, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.
No. 75-886.
Colorado Court of Appeals, Div. III.
November 12, 1976.
Rehearing Denied December 30, 1976.
Certiorari Denied March 14, 1977.
William Redak, Jr., Boulder, Gehler & Cohen, Richard H. Krohn, Commerce City, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Sol. Gen., Edward G. Donovan, Asst. Atty. Gen., Arthur G. Staliwe, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
Plaintiff, Howard Luis Donelson, appeals from a summary judgment which affirmed an order of the Department of Revenue revoking Donelson's driving privileges for a period of six months. We affirm in part and reverse in part.
*346 The facts pertinent to this review are not disputed. On February 14, 1974, the Department entered an order of revocation for Donelson's failure to submit to a chemical test pursuant to the Implied Consent Act, § 42-4-1202(3)(e), C.R.S.1973. The order was dated and "effective this 14 day of Feb, 1974," and provided that Donelson's "privilege to operate a motor vehicle upon the streets and highways of this state is hereby revoked . . . for a minimum period of 6 months and . . . until the provisions of 13-4-24(2) CRS 1963 [now § 42-2-124(2), C.R.S.1973] are complied with. . .." The order directed Donelson to surrender his license, and he complied.
Thereafter Donelson filed a timely action in the district court seeking judicial review of the Department's revocation order. Donelson also filed a verified application for stay of the Department's order. In the application, Donelson stated that his employment as a milk truck driver would be terminated unless he was allowed to drive, and he sought restoration of his license pending disposition of the appeal. In response to the motion, the district court entered the following order on March 19, 1974:
"The Court having considered the verified Application for Stay of License Revocation Pending Judicial Review, and being fully advised in the premises, hereby such Application is DENIED;

"IT IS FURTHER ORDERED that the Plaintiff be permitted to drive within the scope of and for the purpose of his employment;
"IT IS FURTHER ORDERED that except as to the extent of driving permitted hereby, the Plaintiff is not to be permitted to operate a motor vehicle for any other purpose.
"IT IS FURTHER ORDERED that the Plaintiff's Colorado operator's license remain in the possession of the Defendant and that a copy of this order shall evidence the Plaintiff's right pursuant hereto to operate a motor vehicle as limited by this Order." (emphasis supplied)
On March 6, 1975, Donelson filed a motion for summary judgment asserting, inter alia, that the issues framed by his complaint and the Department's answer were moot because the period of revocation had expired and that, therefore, his license should be restored. The district judge, who entered the order of March 19, had retired, and a hearing was held on the motion before another district judge. That court entered an order on September 26, 1975, determining that the Department was entitled to a summary judgment, and it vacated the March 19 order. The court concluded that Donelson was estopped to contend that the March 19 order failed to stay the effective date of the Department's order of revocation because he had operated a vehicle pursuant to the March 19 order.
Appellate review of the Department's revocation order by the district court is governed by the Administrative Procedure Act. See §§ 42-4-1202(3)(f), 42-2-127, C.R.S.1973. Section 24-4-106(5) of the Act provides:
"Upon a finding that irreparable injury would otherwise result . . . the reviewing court, upon application . . . and upon such terms and upon such security, if any, as the court shall find necessary and order, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings." (emphasis supplied)
Donelson contends that the March 19 order did not postpone the effective date of the Department's revocation order because his license was not restored. Accordingly, he reasons that the revocation order has expired by its terms and that, therefore, his license must be restored. The Department contends, in effect, that even though Donelson's license was not restored by the March 19 order, he was granted a privilege not authorized by the revocation order, namely, driving in the course of his employment. The Department then concludes that the granting of this privilege constituted the preservation of Donelson's rights under the *347 Act with the result that its revocation order was stayed. We agree with Donelson that the revocation order was not stayed by the March 19 order.
If the Department finds that a licensee has failed to take a chemical test without legal justification therefor, the Department "shall forthwith revoke said person's license to operate a motor vehicle . . . for a period of six months . . .." Section 42-4-1202(3)(e), C.R.S.1973 (emphasis supplied). While the March 19 order granted Donelson a privilege which the Department has no power to grant, see Creech v. State, Colo., 544 P.2d 633 (1976), the district court specifically declined to order the return of Donelson's license. Hence, that order could not and did not operate to postpone the effective date of the Department's revocation order. Otherwise Donelson would be required to serve, in effect, a period in excess of 24 months without a driver's license as opposed to the six-month period authorized by statute.
The Department has never challenged the authority of the court to issue the March 19 order. Furthermore, if in the Department's view, the issuance of such an order vitiates its power to revoke a license, it may avoid that effect by restoring the license pending judicial review, thereby insuring that the full six-month revocation period would follow upon affirmation of the revocation by the district court. See § 24-4-106(5), C.R.S.1973.
While the six-month period specified in the Department's revocation order has expired, nevertheless, and contrary to Donelson's contention, that order continues in effect until Donelson's application for a license is approved pursuant to the requirements of § 42-2-124(2), C.R.S.1973.
That portion of the summary judgment affirming the action of the Department in issuing the revocation order is affirmed. That portion of the summary judgment which, in effect, authorized the Department to continue the revocation for another six months from the date of the summary judgment is reversed, and the cause is remanded for entry of judgment directing the Department to reissue Donelson's license upon his compliance with § 42-2-124(2), C.R.S.1973.
COYTE and BERMAN, JJ., concur.