## No. 27538

**Rocky Mountain Association of Credit Management v. District Court of the City and County of Denver, in the Second Judicial District and James D. Thomas, the Clerk thereof**

(565 P.2d 1345)

Decided June 27, 1977.

J. D. Pearson, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Mary J. Mullarkey, First Assistant, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On January 25, 1977, judgment was entered in favor of petitioner Rocky Mountain Association of Credit Management and against one R. Jan Rogge. The district court issued a 30-day stay of execution. During those 30 days, Rocky Mountain Credit requested a transcript of the docket entry of judgment and tendered the $1.50 fee required by section 13-32-104(1)(g), C.R.S. 1973. The clerk refused to issue the transcript until after the stay of execution expired. We issued a rule to show cause why a writ should not be granted prohibiting the respondent court clerk from refusing to issue a transcript of judgment immediately after entry of judgment. We now make the rule absolute.

I.

Respondents argue that this case is moot because Rocky Mountain Credit has, in fact, received a transcript of judgment. While it is true that a transcript was issued on March 1, 1977, we hold that the question of the clerk's refusal to issue the transcript during the 30-day stay of execution may properly be reviewed in a proceeding such as is here presented. We adhere to the doctrine that where the controversy is "capable of repetition, yet evading review" a court may elect to settle the controversy so as to establish a precedent for future action by trial courts.

*Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Bestway Disposal v. Public Utilities Commission*, 184 Colo. 428, 520 P.2d 1039 (1974); *Page v. Blunt*, 126 Colo. 324, 248 P.2d 1074 (1952).

Here, the time required to complete the legal process will necessarily render each specific challenge moot. Unless we agree to resolve the question, petitioners and others similarly situated would be forever deprived of the opportunity of review. *See Roe v. Wade, supra.*

## II.

The respondents also argue that the rule should be discharged because the petitioners have failed to join the district judge as a party.

Where the district judge is the essential party respondent, he must be joined in an original action which challenges the jurisdiction of the court. *James v. James*, 95 Colo. 1, 32 P.2d 821 (1934). In this action, however, the petitioners only seek an order directing the court clerk to perform what is essentially a ministerial function. The order may be directed to the clerk alone. *See Keady v. Owers*, 30 Colo. 1, 69 P. 509 (1902). The district judge, therefore, need not be a party and the petitioner's failure to join him has no relevant effect.

## III.

Rocky Mountain Credit asserts that creditors are entitled to receive a transcript of judgment after judgment is entered although a stay of execution is in effect. We agree.

Many creditors' rights are directly affected by the timeliness with which a transcript of judgment is recorded. For instance, in Colorado, in order for a creditor to obtain a judgment lien upon real property he must file a transcript of judgment with the county recorder. Section 13-52-102, C.R.S. 1973. And his priority in relation to other creditors is established by the date of filing. So also a lien may be valid or invalid as a preference in bankruptcy proceedings depending upon the date of its recording.

The recording of the transcript of judgment does not, however, in and of itself, effect an execution upon the property of the debtor. The stay of execution prevents enforcement of the lien until such time as it expires, and, by virtue of the stay, the debtor is protected pending final resolution of the case. Clearly the statutes and the rules are designed to protect the interests of both creditor and debtor, and the stay of execution provided for in C.R.C.P. 62 has no effect on the requirement that a transcript of judgment be issued on payment of the fee. Section 13-32-104(1)(g), C.R.S. 1973.

The rule is made absolute.

MR. JUSTICE HODGES and MR. JUSTICE CARRIGAN do not participate.