**Billy Joe THOMPSON,**
**Plaintiff-Appellant,**

v.

**Ben M. TOMASI, a Hearing Examiner for the State of Colorado, Department of Revenue, Motor Vehicle Division, George L. Theobald, Hearing Division Director, Motor Vehicle Division, Department of Revenue of the State of Colorado and Alan Charnes, Director of the Department of Revenue, State of Colorado, Defendants-Appellees.**

No. 79CA0610.

Colorado Court of Appeals,
Div. I.

Dec. 28, 1979.

Rehearing Denied Jan. 24, 1980.

Certiorari Granted April 7, 1980.

G. William Beardslee, Fort Collins, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

COYTE, Judge.

On January 9, 1979, defendant's driver's license was revoked by the Department of Revenue for a period of nine months for driving under the influence and weaving. Defendant sought review of the Department's order in the district court. On January 23, 1979, that court enjoined enforcement of the Department's revocation order "until the conclusion of the review proceedings," and ordered the Department to return defendant his driver's license for employment purposes only (restricted use). On May 14, 1979, the district court affirmed the Department's order revoking defendant's driver's license and vacated the injunction. On July 11, 1979, this court ordered the stay of execution previously granted by the trial court to be continued during the pendency of this appeal.

Defendant asserts that *Donelson v. Department of Revenue*, 38 Colo.App. 354, 561 P.2d 345 (1976) renders any appeal from this ruling moot. We agree. Having suffered a diminution of driving privileges for a time greater than the original period of suspension, defendant is entitled to apply for the return of his driver's license, and this appeal is now moot. *Donelson v. Department of Revenue, supra.*

That portion of the trial court judgment affirming the action of the Department in issuing the revocation order is affirmed. That portion of the trial court judgment which, in effect, authorized the Department to continue the revocation for another nine months from the date of the trial court judgment is reversed, and the cause is remanded for entry of judgment directing the Department to reissue Thompson's license upon compliance with § 42–2–124(3), C.R.S. 1973.

SMITH and KELLY, JJ., concur.