Ben M. TOMASI, a Hearing Examiner for the State of Colorado, Department of Revenue, Motor Vehicle Division, George L. Theobald, Hearing Division Director, Motor Vehicle Division, Department of Revenue of the State of Colorado, and Alan Charnes, Director of the Department of Revenue, State of Colorado, Petitioners,

v.

Billy Joe THOMPSON, Respondent.

No. 80SC52.

Supreme Court of Colorado, En Banc.

Oct. 5, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for petitioners.

G. William Beardslee, Fort Collins, for respondent.

LOHR, Justice.

We granted certiorari to review a single limited issue presented by *Thompson v. Tomasi* (Colo.App.1979): If the Department of Revenue (department) suspends a driver's license, may the Colorado Court of Appeals, pursuant to section 24–4–106(5), C.R.S. 1973, enjoin the suspension pending judicial review and permit the licensee to drive for employment purposes only? This question has special significance because, under our case law, any time during which driving is restricted to employment purposes must be credited against the prescribed period of suspension. As a result, if the full time of suspension is served while driving under restrictions before judicial review is complete, the licensee never suffers a complete suspension of his license. We hold that it is improper to enjoin the suspension in such circumstances unless conditioned upon an express agreement by the licensee that the time when driving is restricted will not be credited on the license suspension period if the suspension is upheld. Accordingly, we disapprove the injunctive relief granted by the court of appeals and provide guidelines to be followed in future cases.

Late in 1978 the department commenced administrative proceedings against the respondent, Billy Joe Thompson, seeking suspension of his driver's license. After a hearing, the department hearing officer ordered that the respondent's license be suspended for eight months because he had been convicted of traffic violations resulting in the accumulation of fifteen points within twelve consecutive months. *See* section 42–2–123, C.R.S. 1973 (1980 Supp.). The respondent then requested the hearing officer to grant a restricted license[1] permitting the respondent to drive solely for purposes of employment during the period of suspension. *See* section 42–2–123(11), C.R.S. 1973. That request was denied.

The respondent commenced proceedings in Larimer County District Court to review

1. The reference to a restricted license appears to describe a probationary license with restrictions as authorized by section 42–2–123(11), C.R.S. 1973, not a restricted license as described in section 42–2–114, C.R.S. 1973 (1980 Supp.).

the hearing officer's order suspending his driver's license, and to seek interim relief pursuant to section 24–4–106(5), C.R.S. 1973, in the form of a temporary injunction staying the effect of the suspension order pending judicial review. The court found that irreparable injury would result to the respondent if he were deprived of his right to operate an automobile for employment purposes during the pendency of judicial review and that it was necessary to postpone the effective date of the suspension in order to preserve the rights of the parties pending the conclusion of the review proceedings. *See* section 24–4–106(5), C.R.S. 1973. Accordingly, the court ordered that the effective date of the department's order of suspension "is hereby enjoined until the conclusion of the review proceedings now pending, and the said Billy Joe Thompson shall have all the rights and privileges and powers to operate a motor vehicle for employment purposes only to which he would have been entitled had the suspension not occurred until the said review proceedings are concluded."

On May 8, 1979, the district court considered the respondent's challenge to the department's order on its merits. The court concluded that the hearing examiner did not abuse his discretion in suspending the respondent's license or in refusing to grant him a "restricted or probationary" license and so denied his petition for relief from the department's order and dissolved the temporary injunction postponing the effective date of the driver's license suspension.

To enable the respondent to seek relief in the court of appeals, the district court allowed him thirty days to surrender his license to the department and thereafter extended that time. The respondent sought review in the court of appeals before expiration of the time allowed by the district court for surrender of his driver's license. Upon the respondent's application, the court of appeals continued or renewed the district court's stay order during pendency of the

appeal, with the effect that the petitioner was able to continue to drive for employment purposes pending disposition by the court of appeals.

Thereafter, the court of appeals issued its opinion affirming that part of the district court's judgment which in turn affirmed the action of the department in suspending the respondent's license. However, the court of appeals found that the appeal had become moot because the respondent had suffered a diminution of driving privileges for longer than the period of suspension originally imposed, and remanded the case for entry of judgment directing the department to issue a license to the respondent upon his compliance with specified statutory requirements. Colo.App., 635 P.2d 558. The department now seeks our review of the stay order granted by the court of appeals. In doing so the department concedes that any period of restricted driving privileges must be credited upon the period of suspension, but contends that the stay order of the court of appeals permitting the respondent to drive on a limited basis pending appeal was error.[2]

The appellate procedures of section 24–4–106, C.R.S. 1973 (1980 Supp.), which is part of the State Administrative Procedure Act, are applicable to appeals from administrative orders suspending a driver's license. Section 42–2–127, C.R.S. 1973; *People v. District Court*, Colo., 612 P.2d 87 (1980). The district court relied upon section 24–4–106(5) in enjoining the department's suspension order pending disposition of the respondent's appeal. That section provides, in pertinent part:

> Upon a finding that irreparable injury would otherwise result...the reviewing court, upon application therefor and regardless of whether such an application previously has been made to or denied by any agency, and upon such terms and upon such security, if any, as the court shall find necessary and order, shall issue

---

2. No challenge is made to the action of the district court granting the initial stay. That action was not challenged in the court of appeals. Furthermore, the respondent has not sought review of the lower courts' affirmance of the hearing officer's order suspending the respondent's driver's license and denying him a probationary license.

all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings.

The court of appeals apparently relied upon that same section to grant like relief pending disposition of the respondent's further appeal to that court.

■ The department contends that the restricted driving privileges allowed to the respondent while the appeal was pending in the court of appeals were unauthorized under the statute. Specifically, it contends that the court, in order to avoid irreparable injury, is limited by the statute either to postponing the effective date of agency action or to entering an order containing such terms as are necessary to preserve the rights of the parties pending review. Because of the necessity to credit periods of restricted driving against the period of full suspension, the allowance of such restricted privileges results in neither a mere postponement nor the protection of the rights of all parties, and it is therefore improper. We agree.

The premise of the department's argument, that periods of restricted driving must be credited against the period of full suspension, is based upon two lower court decisions. In those cases, the court of appeals held that any period during which a driver is deprived of full driving privileges under his license must be credited against any period of license suspension ordered by the department. *Marr v. Colorado Department of Revenue*, Colo.App., 598 P.2d 155

(1979); *Donelson v. Colorado Department of Revenue*, 38 Colo.App. 354, 561 P.2d 345 (1976).[3] The department does not challenge these rulings, and we accept the premise of its argument as valid. We also find the department's conclusion from that premise persuasive.

■ The sanction imposed by the department in this case was full suspension of driving privileges for an eight month period, and the department is entitled to imposition of the full sanction if its action is affirmed on appeal.[4] While the court is authorized to "postpone" the effective date of agency action, "postpone" means only to hold back to a later time or to defer. *Webster's Seventh New Collegiate Dictionary* 664 (1972). It cannot be expanded to include a modification of the administrative relief awarded by substituting a period of restricted driving for a period of full suspension of driving privileges. Similarly, this modification failed to preserve the department's right to imposition of the full eight month suspension of *all* driving privileges after it prevailed on appeal. The court's authority under section 24–4–106(5), C.R.S. 1973, to issue orders to preserve the rights of the parties pending conclusion of review proceedings is plainly limited to orders which preserve the rights of *all* parties. The court of appeals' order is not consistent with this limitation.

■ We hold that, when a driver whose license has been suspended establishes that irreparable injury would otherwise result if suspension were effective pending judicial review, a court may provide appro-

---

3. In *Marr* and *Donelson* the driver was required to surrender his license but was authorized by court order to drive for employment purposes. In the case before us, the respondent was permitted to retain possession of his license but was prohibited by court order from driving for purposes other than employment. We regard the factual distinction as a matter of form and of no importance to the determination of this case.

4. It is important to emphasize that the interest vindicated by these sanctions is neither narrow nor insubstantial. A principal purpose of the laws requiring the licensing of drivers of motor vehicles is the promotion of public safety by

assuring that such drivers are qualified to operate their vehicles. *See* sections 42–2–101, 110, C.R.S. 1973 (1980 Supp.). In furtherance of this purpose, criminal sanctions are prescribed for driving without an appropriate license. Section 42–2–101(3), C.R.S.1973. And to assure that the privilege, once granted, will not be abused, suspension of a driver's license, after a hearing, is authorized when a driver demonstrates inability or unwillingness to conform to the traffic laws by accumulating a prescribed number of points assessed on the basis of traffic violation convictions. *See* section 42–2–123, C.R.S.1973 (1980 Supp.).

priate relief under section 24–4–106(5), C.R. S.1973. If the driver's record or other circumstances are such that full postponement of the order of suspension would not be appropriate in the interest of public safety,[5] a court may grant restricted driving privileges subject to conditions which protect the rights of all parties. These conditions must include the licensee's express acceptance of the restrictions and his express agreement that the period during which such restrictions are in effect will not be credited against the suspension period imposed should the department prevail on appeal.

We disapprove the order of the court of appeals granting restricted driving privileges to the respondent without conditioning such grant upon the respondent's agreement that the period of restricted driving would not be credited against the period of suspension imposed by the department. We agree, however, that no further sanction can be imposed upon the respondent in this case, for he has experienced a period of restricted driving in excess of the period of suspension imposed without expressly agreeing that the restricted driving period would not be credited against the suspension.[6]

Order disapproved.

LEE, J., does not participate.

---

5. In evaluating a request for postponement of agency action, a court must consider, among other factors, whether the granting of a postponement would substantially harm the parties opposing it if they ultimately prevail and whether the public interest will have been adversely affected by the postponement if the administrative order is upheld on review. *Erie-Lackawanna Railroad Co. v. United States*, 259 F.Supp. 964 (S.D.N.Y.1966), *rev'd on other grounds sub. nom., Baltimore & Ohio Railroad Co. v. United States*, 386 U.S. 372, 87 S.Ct. 1100, 18 L.Ed.2d 159 (1967).

6. As the controversy in this case has been mooted by the running of the period of suspension, the respondent suggests that we should dismiss certiorari as improvidently granted. This is the type of question capable of repetition yet evading review which makes it appropriate to consider the matter on its merits. *Rocky Mountain Association of Credit Management v. District Court*, 193 Colo. 344, 565 P.2d 1345 (1977); *see also Bestway Disposal v. Public Utilities Commission*, 184 Colo. 428, 520 P.2d 1039 (1974); *Page v. Blunt*, 126 Colo. 324, 248 P.2d 1074 (1952).