**Gifford Roy LININGER, Plaintiff-Appellee,**

v.

**The CITY OF SHERIDAN, By and on Behalf of the PEOPLE of the State of Colorado, Defendant-Appellant.**

No. 81CA0958.

Colorado Court of Appeals, Div. III.

June 17, 1982.

Sartore, Hoyt & Graveley, Wesley W. Hoyt, Denver, for plaintiff-appellee.

Hemminger & Whittaker, Paul A. Frederiksen, Gary H. Hemminger, Englewood, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, the City of Sheridan, Colorado, appeals a summary judgment entered by the district court in favor of plaintiff, Gifford Roy Lininger. We affirm.

The record discloses that Lininger was arrested in November 1980 for violations of several Sheridan municipal ordinances. Lininger pled "not guilty" to all of the alleged ordinance violations, and Lininger's attorney subsequently submitted a written jury demand, together with a $25 check, to the Sheridan Municipal Court. The demand did not designate or request any particular number of jurors.

On March 11, 1981, Lininger's attorney received a letter from the municipal court clerk stating that the jury demand was "not proper" and that the matter was set for trial to the court on March 19. Lininger then initiated this C.R.C.P. 106(a)(4) action in district court seeking review of the municipal court's denial of his written jury demand. The district court stayed further municipal court proceedings against Lininger pending a final determination of the matter.

In July 1981, Lininger filed a motion for summary judgment asserting that the municipal court had abused its discretion and exceeded its jurisdiction in denying his jury request. The district court concluded that Lininger's written jury demand was sufficient under § 16–10–109, C.R.S.1973 (1978 Repl. Vol. 8), and ordered the municipal court to conduct a jury trial to a jury of three persons. On October 15, 1981, Lininger was tried by a jury of three.

■ Preliminarily, we note our disagreement with Lininger's contention that this appeal should be dismissed as moot. A case is moot when any judgment rendered will have no practical legal effect upon an existing controversy. *E.g., Barnes v. District Court*, 199 Colo. 310, 607 P.2d 1008 (1980); *Mountain States Beet Growers Mar-keting Ass'n v. Wagner*, 79 Colo. 604, 247 P. 804 (1926). Generally, when an issue raised on appeal has become moot by events subsequent to entry of judgment by the trial court, an appellate court will refrain from rendering an opinion on the merits of that question. *Beeson v. Kiowa County School District RE–1*, 39 Colo.App. 174, 567 P.2d 801 (1977).

■ However, the standard of mootness will be relaxed in limited circumstances. *Barnes v. District Court, supra.* If the issue posed is one of great public importance, involves constitutional rights, and is of a recurring nature, the issue may be decided even in the absence of any particular effect upon the particular controversy. *Bestway Disposal v. Public Utilities Commission*, 184 Colo. 428, 520 P.2d 1039 (1974); *Beeson v. Kiowa County School District RE–1, supra.*

■ Here, although no decision respecting the sufficiency of Lininger's written jury demand can influence the completed trial, the question raised is significant for future municipal court proceedings and should be resolved to assist orderly judicial procedures in such proceedings. *See Rocky Mountain Ass'n of Credit Management v. District Court*, 193 Colo. 344, 565 P.2d 1345 (1977). The question, which will recur, is of great public importance and is of a recurring nature. *See Bestway Disposal v. Public Utilities Commission, supra; Beeson v. Kiowa County School District RE–1, supra.* It also involves fundamental constitutional rights of persons charged with petty offenses. *Garcia v. People*, Colo., 615 P.2d 698 (1980).

Sheridan contends that § 16–10–109, C.R.S.1973 (1978 Repl. Vol. 8), does not govern the disposition of this case. In particular, Sheridan asserts that § 16–10–109, C.R.S. 1973 (1978 Repl. Vol. 8), and § 13–10–114, C.R.S.1973, can be harmonized; or in the alternative, if the two statutes cannot be reconciled, that § 13–10–114, C.R.S.1973, is controlling. We disagree.

Section 16–10–109, C.R.S.1973 (1978 Repl. Vol. 8), provides in pertinent part:

"(1) For the purposes of this section, 'petty offense' ... includes any violation of a municipal ordinance ....

"(2) A defendant charged with a petty offense shall be entitled to a jury trial if, within ten days after arraignment or entry of a plea, he files with the court in which he is ordered to appear to defend against said charge a written jury demand and at the same time tenders to that court a jury fee of twenty-five dollars, unless the fee is waived by the judge because of the indigence of the defendant. The jury shall consist of three jurors unless a greater number, not to exceed six, is requested by the defendant in said jury demand ...."

Section 13-10-114, C.R.S.1973, provides in pertinent part:

"(1) In any action before municipal court in which the defendant is entitled to a jury trial by the constitution or the general laws of the state, such party shall have a jury upon request. The jury shall consist of three jurors unless, in the case of a trial for a petty offense, a greater number, not to exceed six, is requested by the defendant.

. . . .

"(4) For the purposes of this section, a defendant waives his right to a jury trial under subsection (1) of this section unless, within ten days after arraignment or entry of a plea, he files with the court a written jury demand, stating therein the number of jurors requested, and at the same time tenders to the court a jury fee of twenty-five dollars, unless the fee is waived by the judge because of the indigence of the defendant ...."

In construing statutory provisions, we are guided by well-established principles of statutory construction. Statutes which are *in pari materia* should be reconciled if possible. *People v. Cornelison*, 192 Colo. 337, 559 P.2d 1102 (1977). A court's primary objective in interpreting assertedly conflicting statutes is to give effect to the legislative intent, *State Highway Commission v. Haase*, 189 Colo. 69, 537 P.2d 300 (1975), and if two statutes addressing the same subject are inconsistent, the one enacted later in time prevails to the extent of the inconsistency. *Public Employees' Retirement Ass'n v. Greene*, 195 Colo. 575, 580 P.2d 385 (1978); *see* § 2-4-206, C.R.S. 1973 (1980 Repl. Vol. 1B).

Here, each statute addresses the requirement that a defendant, charged with a petty offense in municipal court and seeking a jury trial, must file with the court a written jury demand. Both statutes require the written demand to be filed within ten days after arraignment or entry of a plea and to be accompanied by a $25 jury fee. Section 13-10-114(4), C.R.S.1973, however, requires a defendant also to state in his jury demand "the number of jurors requested." The statutes cannot be harmonized on the question of a defendant's duty to designate the jury size in his written jury demand.

Both § 13-10-114(4) and § 16-10-109(2) were added to Colorado's general laws by the same legislative act. Colo.Sess.Laws 1970, ch. 44 at 149 & 150; *see* C.R.S.1963, 37-22-12(4) (1971 Perm.Cum.Supp.) (only statutory predecessor of § 13-10-114(4), C.R.S.1973); C.R.S.1963, 39-7-30(2) (1971 Perm.Cum.Supp.) (first statutory predecessor of § 16-10-109(2), C.R.S.1973). In 1972, however, the General Assembly repealed C.R.S.1963, 39-7-30(2) (the original statutory codification of § 16-10-109(2)), and reenacted it as C.R.S.1963, 39-10-109. Colo. Sess.Laws 1972, ch. 44 at 238. Thus, for purposes of statutory construction, the effective year date of § 16-10-109(2) is 1972. The effective year date of § 13-10-114(4) is 1970. Hence, § 16-10-109(2) prevails on the issue presented here. *See* § 2-4-206, C.R.S.1973 (1980 Repl. Vol. 1B).

Section 16-10-109(2), C.R.S.1973 (1978 Repl. Vol. 8), does not require a defendant charged with a petty offense in municipal court to state a particular number of jurors in his written jury demand. Therefore, as the district court concluded,

the municipal court erroneously denied Lininger's demand for a trial by jury.

Sheridan also contends that the district court erred in concluding that § 16–10–109(2), C.R.S.1973 (1978 Repl. Vol. 8), governs C.M.C.R. 223. We again disagree. C.M.C.R. 223 requires a defendant's jury demand to specify the number of jurors requested. Inasmuch as the right to a jury trial in petty offenses is a substantive right granted to all citizens of this state, *Hardamon v. Municipal Court*, 178 Colo. 271, 497 P.2d 1000 (1972), the statute controls the procedural rule. *See Garcia v. People, supra.*

The judgment is affirmed.

SMITH and KELLY, JJ., concur.