**Kenneth Paul THURBER,
Plaintiff-Appellant,**

**v.**

**Alan N. CHARNES, as Director of the Department of Revenue, Motor Vehicle Division of the State of Colorado, and State of Colorado, Defendant-Appellee.**

**No. 81SA532.**

Supreme Court of Colorado,
En Banc.

Jan. 10, 1983.

---

Katz & Mendel, Lawrence Katz, Denver, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., General Legal Services Section, Denver, for defendant-appellee.

LEE, Justice.

Appellant, Kenneth Paul Thurber, appeals from an adverse judgment of the district court which affirmed an order of the Motor Vehicle Division of the Department of Revenue (Department) denying him a probationary driver's license. We affirm.

Due to several driving violations which occurred between July 23, 1979, and May 18, 1980, Thurber was convicted of six separate traffic offenses, including speeding, improper lane use, running a red light, and three counts of careless driving. As a result, he accumulated twenty-two points on his driver's license within a twelve month period.

After an administrative hearing pursuant to section 42–2–123(11), C.R.S.1973, the department suspended Thurber's license to drive for ten months. Section 42–2–123(1)(a), C.R.S.1973 (1982 Supp.).[1] The hearing officer, after considering mitigating and aggravating factors in the record and presented at the hearing, refused to grant Thurber a probationary license for employment purposes during the suspension period. The hearing officer noted that Thurber's driving privileges had previously been suspended due to earlier driving violations, and that Thurber had subsequently accumulated an excessive number of points, including three convictions for careless driving.

Thurber now seeks reversal in this court.[2] Section 42–2–127, C.R.S.1973; *Donelson v. Colorado Department of Revenue*, 38 Colo. App. 354, 561 P.2d 345 (1976).

1. That section provides that a driver who accumulates in excess of twelve driving violation points during a twelve month period must have his driving privileges suspended. Probationary licenses may be granted to suspended drivers in some circumstances.

2. This appeal was initially filed in the court of appeals, but was transferred to this court because of the constitutional challenge to the statutory scheme for suspension of driving privileges under section 42–2–123, C.R.S.1973. Sections 13–4–102(1)(b) and 13–4–110(1)(a), C.R.S.1973.

■ Thurber's argument for reversal is that the statutory scheme under section 42–2–123(11) denies him equal protection because he contends that one convicted of driving under the influence rather than careless driving would have been entitled to receive a probationary license after suspension pursuant to section 42–2–123(13)(a), C.R.S.1973. He contends that he was initially charged with driving under the influence of alcohol but pleaded guilty to careless driving as a result of plea negotiations.[3]

This argument is totally without support in the statute. Subsection 42–2–123(13)(b), which was in effect at the time of the driving violation contested before this court, provides that the grant of a probationary license is discretionary for those who have been convicted of alcohol-related traffic offenses, notwithstanding the provisions of subsection 13(a).[4] Subsection 13(b) was enacted in 1979 and became effective on October 1, 1979, after which date Thurber accumulated fifteen points of the twenty-two violation points which were the cause of the suspension of his driving privileges. The driving violation which is principally relied upon in this appeal and which

he argues was initially charged as driving under the influence occurred on November 14, 1979, after the effective date of subsection (13)(b), *supra*. The appellant has overlooked subsection 13(b) and his argument has no merit.

■ The issues to be determined at the suspension hearing pursuant to section 42–2–123(11) are whether the defendant has accumulated the requisite number of convictions within the time period established in the statute to require suspension, and whether he should be granted a probationary license. *People v. McKnight*, 200 Colo. 486, 617 P.2d 1178 (1980). Thurber does not contest the accuracy of the records of the Department regarding his convictions. *Gillespie v. Department of Revenue*, 41 Colo. App. 561, 592 P.2d 418 (1978). Further, he may not now relitigate factual issues of his guilt or the validity of his traffic convictions. *State v. Laughlin*, 634 P.2d 49 (Colo. 1981); *Zaba v. Motor Vehicle Division*, 183 Colo. 335, 516 P.2d 634 (1973); *Campbell v. Colorado*, 176 Colo. 202, 491 P.2d 1385 (1971).

3. The department argues that Thurber has no standing to raise this issue since he was convicted of careless driving and not of driving under the influence. However, we do not elect to address the standing issue because Thurber's argument is based upon a misreading of the statutes involved and has no merit. *Compare, Smith v. Charnes*, 649 P.2d 1089 (Colo.1982) and *Fish v. Charnes*, 652 P.2d 598 (Colo.1982).

4. Section 42–2–123(13)(a) and (b), C.R.S.1973 (1982 Supp.), provides as follows:

"(13)(a) If there is no other statutory reason for denial of a probationary license, any individual who has had his license suspended by the department because of, at least in part, a conviction for an offense specified in paragraph (b) of subsection (5) of this section shall be entitled to a probationary license pursuant to subsection (11) of this section for the purpose of driving for reasons of employment, education, health, or alcohol and drug education or treatment; but such individual, if ordered by the court which convicted him, must be enrolled in a program of alcohol and drug traffic driving education or treatment certified by the division of alcohol and drug abuse in the department of health. Such a probationary license shall contain any other restrictions as the department deems reason-

able and necessary, shall be subject to cancellation for violation of any such restrictions, including absences from alcohol and drug education or treatment sessions or failure to complete alcohol and drug education or treatment programs, and shall be issued for the entire period of suspension. No person shall be issued a second probationary license under this section within a 5-year period.

(b) The provisions of paragraph (a) of this subsection (13) notwithstanding, the department may refuse to issue a probationary license if the department finds that the driving record of the individual is such that he has sufficient points, in addition to those resulting from the conviction referred to in this subsection (13), to require the suspension or revocation of a license to drive on the highways of this state, or if the department finds from the record after a hearing conducted in accordance with subsection (11) of this section that aggravating circumstances exist to indicate the individual is unsafe for driving for any purpose. In refusing to issue a probationary license, the department shall make sufficient findings of fact to support such refusal...."

There is ample support in the record for the suspension of the defendant's driving privileges. *Gillespie v. Department of Revenue, supra.* Section 42–2–123(11), C.R.S.1973, places discretion in the hearing officer for determining the appropriateness of granting a probationary license. Based upon the hearing record, we find no abuse of discretion by the hearing officer in refusing to grant a probationary license to the appellant.

The judgment is affirmed.

