Douglas CAMPBELL, Clyde Harkins, and Douglas Bruce, Plaintiffs–Appellants and Cross–Appellees,

v.

Natalie MEYER, in her official capacity as Secretary of State of the State of Colorado, and the State of Colorado, Defendants–Appellees and Cross–Appellants.

No. 93CA1565.

Colorado Court of Appeals, Div. II.

Sept. 22, 1994.

**618**

Kevin B. Pratt, Colorado Springs, for plaintiffs-appellants and cross-appellees.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Stephen G. Smith, Asst. Atty. Gen., Denver, for defendants-appellees and cross-appellants.

Opinion by Judge MARQUEZ.

In this action for declaratory relief and permanent injunction, plaintiffs, Douglas Campbell, Clyde Harkins, and Douglas Bruce, appeal a summary judgment in favor of defendants, Natalie Meyer, the Secretary of State; and the State of Colorado, on plaintiffs' claims that the ballot title for HB 93–1330 is improper and that HB 93–1330 is unconstitutional. The state cross-appeals a summary judgment in favor of plaintiffs requiring the entire ballot title to be capitalized. We conclude the appeal and cross-appeal are moot and, therefore, dismiss them.

Colo. Const. art. X, § 20, also known as the Taxpayer's Bill of Rights (TABOR), was an initiated constitutional amendment approved by the voters at the 1992 general election. TABOR took effect on December 31, 1992.

The General Assembly passed HB 93–1330, also called the "tourism subsidy tax," in 1993, subject to voter approval. HB 93–1330 included a ballot title for the referred tourism subsidy tax which provided in pertinent part:

> Shall state taxes be increased by $13,100,-000 annually in the first full fiscal year of implementation, and by $13,100,000 as adjusted for inflation plus the percentage change in state population for each fiscal year after the first full fiscal year of implementation, by reinstating the 0.2 percent sales tax on tourist-related items ...?

Plaintiffs filed a complaint on August 10, 1993, asserting that: (1) HB 93–1330 violates TABOR because it does not state the specific dollar amount of revenue increase to be used in calculating fiscal year spending; (2) the ballot title in HB 93–1330 violates TABOR because it sets out a formula for increase in tax revenues, instead of stating a specific dollar increase; and (3) the ballot title violates TABOR because it was not printed in capital letters.

The trial court granted defendants' motion for summary judgment as to the first two of plaintiffs' claims for relief—the first on grounds that it did not have jurisdiction, and the second on grounds that the substance of the ballot title did not violate TABOR. Plaintiffs prevailed on their third claim and the trial court ordered the ballot title to be printed in capital letters. The voters subsequently defeated the measure at the November 2, 1993, general election.

Defendants contend that because the voters defeated the measure, the case is moot. We agree.

■■■ Appellate courts will not render opinions on the merits of appeals when issues presented in litigation become moot because of subsequent events. A case is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. *American Drug Store, Inc. v. Denver,* 831 P.2d 465 (Colo.1992).

Here, because the voters did not approve the measure, there is no existing controversy and a determination of the substantive issues presented would have no practical legal effect. *See Crowe v. Wheeler,* 165 Colo. 289, 439 P.2d 50 (1968) (controversy or uncertainty evaporated when the election was concluded); *W–470 Concerned Citizens v. W–470 Highway Authority,* 809 P.2d 1041 (Colo. App.1990) (if conduct sought to be addressed is peculiar to election, the occurrence of the election itself will render the controversy moot).

Colorado recognizes two exceptions to the mootness doctrine. First, a court may elect to settle a controversy when such controversy is capable of repetition, yet evading review. *Humphrey v. Southwestern Development Co.,* 734 P.2d 637 (Colo.1987).

Whether an identical measure would be presented and approved by voters is a matter of speculation. Further, it is possible that similarly situated plaintiffs could obtain review of similar claims prior to an election pursuant to § 1–1–113, C.R.S. (1994 Cum. Supp.); *cf.* 1–40–107, C.R.S. (1994 Cum. Supp.) (specific pre-election procedures governing ballot title challenges). Moreover, if and when such a ballot measure is passed, plaintiffs in such case may pursue their claims on appeal. *See Bickel v. City of Boulder,* 885 P.2d 215 (Colo.1994).

In sum, we conclude that plaintiffs are not "forever deprived of the opportunity of review." *Rocky Mountain Ass'n of Credit Management v. District Court,* 193 Colo. 344, 346, 565 P.2d 1345, 1346 (1977).

Under the second exception, an appellate court may hear a moot case if the matter involves a question of great public importance or an allegedly recurring constitutional violation. *Humphrey v. Southwestern Development Co., supra.*

While we realize the importance of issues concerning the constitutionality of a ballot measure, that very importance is also a reason for deciding cases involving such constitutional issues in the context of an actual controversy. *In re Ballot Title Concerning Confidentiality of Adoption Records,* 832 P.2d 229 (Colo.1992). Further, plaintiffs have not demonstrated any adverse consequences that would compel a court to invoke this exception. *Cf. Beeson v. Kiowa County School District RE–1,* 39 Colo.App. 174, 567 P.2d 801 (1977) (review of school policy denying equal protection under the Fourteenth Amendment even after plaintiff graduated).

Under these circumstances, we conclude that the issues raised in the appeal and cross-appeal are moot.

The appeal and cross-appeal are dismissed.

CRISWELL and TAUBMAN, JJ., concur.