(No. 31208.—

SADIE GUMBERTS, Appellant, *vs.* EAST OAK STREET HOTEL COMPANY *et al.*, Appellees.

*Opinion filed November 22, 1949.*

WILLIAM HENNING RUBIN, and LAWRENCE LENIT, both of Chicago, for appellant.

BIPPUS, ROSE, BURT & PIERCE, DEMING, JARRETT & MULFINGER, CHARLES F. GRIMES, A. E. PETERSON, and WILLIAM M. RICE, all of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On April 16, 1948, the plaintiff, Sadie Gumberts, brought an action in the circuit court of Cook County to set aside a sale by the East Oak Street Hotel Company, a

Delaware corporation, of its hotel property to the 40 East Oak Hotel Corporation, an Illinois corporation, hereafter referred to as the vendor company and the new company, respectively. In addition to the named corporations, Delbert M. Ruggles, Edwin J. Elting and Clarence E. Pullum, both individually and as officers and directors of the vendor corporation, and the corporate trustees under three trust deeds were also named as parties defendant. Nine months later, in January, 1949, the circuit court, on motion of the defendants, entered an order striking the complaint. On February 11, 1949, pursuant to leave of court, plaintiff filed an amended complaint. Thereafter, defendants' motion to strike the amended complaint was granted and the circuit court entered a decree dismissing the action. Plaintiff prosecutes a direct appeal to this court, title to a freehold estate being directly involved in the pleadings.

To the extent that the present action is grounded on the theory that the vendor corporation and its officers and directors had no authority to conduct a sale or convey the property pending the disposition of a decree of the circuit court of Cook County dismissing for the want of equity an earlier action against the vendor corporation to compel it to accept a bid of $1,140,000 for its property, the case at bar is a sequel to *Stein* v. *East Oak Street Hotel Co.* 400 Ill. 267. We transferred the earlier cause to the Appellate Court for the First District and, thereafter, that court affirmed the decree. *Stein* v. *East Oak Street Hotel Co.* 335 Ill. App. 570.

By her amended complaint, plaintiff alleged that she is the registered holder of 295 shares of the vendor company which she holds as nominee for William Bart; that the vendor company owned a large apartment hotel in Chicago; that, on February 26, 1948, after the trial court had entered its decree in the *Stein case* and while an appeal was pending in this court, the officers and directors of the vendor corporation proceeded to sell the property to the

highest bidder, John Mack, for $1,175,000; that many other potential bidders were present but refused to bid because an appeal was pending in the *Stein case;* that, if the vendor company had been able to convey a clear title, $100,000 more could have been obtained for the property; that, at Mack's direction, the property was conveyed to the newly formed 40 East Oak Hotel Corporation and certain encumbrances were recorded against the property; that the vendor corporation and the individual defendants had no authority to sell the property because the appeal to this court in the *Stein case* operated as a *supersedeas;* that, in the *Stein case,* defendant Ruggles had testified the property was worth $1,250,000 and he expected it would be sold for this amount; that the vendor corporation had lost large net operating profits by the premature sale of the property, and that, had the vendor corporation and the individual defendants waited until the appeal in the *Stein case* had been disposed of, the value of the property would have been greatly enhanced by the removal of the cloud upon the title and by the expiration of rent controls. Plaintiff asked that the deed to the new corporation be set aside; that the subsequent trust deeds be removed as a cloud upon the title; that the hotel companies be restrained from taking further steps to consummate the sale or further distribute the proceeds of the sale, and that officers and directors of the vendor corporation be removed for misconduct. As nominee for William Bart, plaintiff also offered to guarantee a minimum bid for $1,220,000 if the court would order a new sale of the property. In the original complaint, filed ten months earlier, plaintiff's guaranteed minimum bid was only $1,175,000, the same price for which the property had been sold to Mack less than two months earlier.

Although the circuit court did not assign any specific reason for dismissing the action, the record discloses that the motion to strike the amended complaint was based, in

substance, on the following grounds: (1) failure of the amended complaint to state a cause of action; (2) *laches,* and (3) the assertion that the alleged controversy pertains to the internal management of a foreign corporation, a matter over which Illinois courts should not take jurisdiction.

The allegations of the complaint disclose that plaintiff grounds her entire case, both as to setting aside the deed and as to the removal of the officers and directors of the vendor corporation, upon the theory that the vendor corporation and its officers and directors had no power or authority to sell the hotel property while the *supersedeas* in the *Stein case* was still in full force and effect. Plaintiff asserts that the individual defendants had no authority to make a sale; that, in so doing, they violated their duties to the corporation; that Mack was not an innocent purchaser for value but bid for the property with full knowledge that the appeal in the *Stein case* operated as a *supersedeas,* and that, consequently, the deed to the new company should be set aside. No alternative contention is made that even if the *supersedeas* did not preclude a sale, the individual defendants are still liable to dismissal from office for selling the property at a time when the appeal in the *Stein case* tended to lower the bidding. This possibility need not be considered in determining whether the amended complaint stated a cause of action. Under the circumstances, no cause of action was stated unless the *supersedeas* in the *Stein case* operated to prohibit a sale pending the disposition of the appeal.

The operation and effect of a *supersedeas* are generally well understood. Its object and purpose are to suspend the efficacy of a judgment or decree. The *supersedeas* operates against the enforcement of the judgment and not against the judgment itself. Its purpose is accomplished by staying all future proceedings on the judgment. Thus, the *supersedeas* restrains the appellee from taking affirma-

tive action to enforce his judgment and constitutes notice to strangers to the action that all proceedings on the judgment are stayed until the appeal is disposed of by the court of review. (*First Nat. Bank* v. *Road District No. 8,* 389 Ill. 156; *People ex rel. Finn* v. *David.* 328 Ill. 230.) Proceedings in violation of a *supersedeas* may be vacated or set aside, attempted violations may be restrained and any action in defiance of the force and effect of a *supersedeas* is punishable as a contempt of court. (4 C.J.S., Appeal and Error, secs. 675-6.) On the other hand, a *supersedeas* operating only against the enforcement of a judgment and not against the judgment itself, the rule is that a self-executing judgment is not affected by a *supersedeas.* 3 Am. Jur., Appeal and Error, sec. 540; *People ex rel. McDonnell* v. *Thompson,* 316 Ill. 11; *People ex rel. Dibelka* v. *Reinberg,* 263 Ill. 536; *Barnes & Co.* v. *Chicago Typographical Union,* 232 Ill. 402; *People ex rel. Barry* v. *Gregory,* 324 Ill. App. 614.

Applying the foregoing principles to the present case, it is apparent that the decree in the *Stein case* dismissing the complaint for the want of equity was self-executing, except in so far as the cause was dismissed at plaintiff's costs. The *supersedeas,* when it became effective, operated only against the enforcement of the decree and not against the decree itself. The decree itself dismissed the complaint and thus required no enforcement. There were no further proceedings to be stayed by the *supersedeas* and no process was necessary except, possibly, an execution against Stein and the other plaintiffs for the costs of the action. The effect of the *supersedeas* was to maintain the status quo. Prior to the commencement of the present action, the defendant officers and directors of the corporation had the authority to sell the hotel property. Although this authority was challenged in the *Stein case,* to the extent that the plaintiffs there sought to compel a sale to one of their number and to obtain the removal of the officers and di-

rectors of the hotel company, after the complaint was dismissed and pending the disposition of the appeal, the officers and directors continued to enjoy the power and authority to sell the property. The only purpose performed by the *supersedeas* was to stay the enforcement of so much of the decree as allowed the defendant corporation and its officers their costs in the trial court.

Being self-executing, the decree in the *Stein case* was unaffected by the *supersedeas* and the defendant corporation and its officers and directors retained their authority to sell the hotel property. Since the amended complaint relies exclusively on the erroneous conclusion of law that the *supersedeas* prevented the officers and directors from proceeding with a sale, the amended complaint does not state a cause of action. It thus becomes unnecessary to consider the other contentions of the parties.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*