In re **HALLADAY ENTERPRISES, INC.,**
**1970 Halladay Enterprises,**
**Ltd., Debtors.**

**Bankruptcy Nos. HS–79–137, HS–79–138.**

United States Bankruptcy Court,
S. D. Texas,
Houston Division.

June 13, 1980.

84

E. Michael Dalton, James R. O'Donnell, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for Halladay Enterprises.

D. J. Baker, Fulbright & Jaworski, Houston, Tex., for Teachers Insurance.

## MEMORANDUM AND OPINION

WILLIAM M. SCHULTZ, Bankruptcy Judge.

The matters before the Court are motions filed by Teachers Insurance and Annuity Association of America ("Teachers") for a new trial and for relief from order under Rules 59 and 60, Federal Rules of Civil Procedure. The order, entered on April 30, 1980, approved the sale by Halladay Enterprises, Inc. ("Halladay") of its interest in certain real property and improvements located in Houston, Texas known as 4242 Southwest Freeway Building ("the property") to Fig Garden Development Corp. ("Fig Garden"), a California corporation. Such sale was to be made subject to the liens and deed of trust in favor of Teachers securing indebtedness owed to it in connection with the property. Such sale was also to be made without modifying or limiting the prior authorization from this Court resulting from an agreement between the parties which permitted Teachers to foreclose its liens on May 6, 1980.

On April 30, 1980, after the Court entered the aforesaid order, Halladay transferred its interest in and to the property to Fig Garden. Since the transfer was made before the expiration of ten (10) days from the date of the order, Teachers contends that the transfer was ineffective.

On May 2, 1980, Fig Garden filed a petition for relief under Chapter 11, Title 11 of the United States Code, with the United States Bankruptcy Court for the Central District of California, Los Angeles Division. Consequently, Teachers passed the foreclosure on the property scheduled for May 6, 1980.

To understand Teachers' vehemence that the Court grant a new trial or alternatively set aside the order approving the sale, one must review the history of the Chapter XI of Halladay, and Teachers' participation. Teachers is and has been at all times material to the proceedings, the owner of record of fee simple title to the property located at 4242 Southwest Freeway, Houston, Texas. The realty and improvements located on such real property are subject to a fifty (50) year lease from Teachers, as lessor, that commenced in 1973. Teachers holds a first, prior, and superior lien and deed of trust covering and describing the leasehold interest purportedly purchased by Fig Garden. Such deed of trust secures indebtedness owed to Teachers in the original principal amount of $2,400,000.00. The indebtedness to Teachers became delinquent in November, 1977. Such indebtedness has continued to be unpaid and delinquent for the succeeding two and one-half (2½) years. As a result of continuing defaults in the obligations owed to Teachers, Teachers initiated foreclosure proceedings against the property. At the time such foreclosure proceedings were commenced, the property was owned by Halladay. The foreclosure origi-

nally planned by Teachers was to have occurred in March, 1979.

On the date preceding the scheduled foreclosure, March 5, 1979, Halladay filed Chapter XI proceedings in this Court. As a result of the filing, the automatic stay pursuant to Bankruptcy Rule 11–44 halted the March, 1979 foreclosure planned by Teachers.

Thereafter, in an effort to allow Halladay to effect a sale of the property, Teachers refrained for approximately five (5) months from filing any adversary proceeding to modify the automatic stay. As a result of the failure of Halladay to achieve any sale of the property, Teachers initiated adversary proceeding "D" in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, in which Teachers sought modification of the stay to allow foreclosure.

On November 19, 1979, this Court entered an order approved by Halladay and Teachers, which provided that Halladay would be allowed until March 1, 1980 to complete a sale of the property with provisions for an extension through April 1, 1980 if such extension was necessary to complete a sale. The November order further provided that Teachers would be entitled to receive a deed in lieu of foreclosure or to foreclose on the property if a sale had not been completed by such time. .

In December, 1979, Halladay advised Teachers that it had entered into a contract with Percy Turk, Trustee, to sell the property. As a result of such contract, dated December 17, 1979, for the sale of the property, Halladay and Teachers entered into a letter agreement dated December 21, 1979 whereby Teachers agreed to sell to Halladay its interest in the property. Such letter agreement provided the sale was to be consummated by April 1, 1980. Thereafter, Halladay and Percy Turk, Trustee, advised Teachers that the deadline of April 1, 1980 for completing the sale might be unobtainable. Accordingly, Teachers agreed to extend to May 2, 1980, the deadline for completing the sale. The condition for such extension, however, was that Teachers be paid in full for all ground rent accruing during the month of April, 1980. Such ground rent was duly paid with a resulting extension of time until May 2, 1980.

On April 22, 1980, Halladay served upon Teachers its second application to sell property by which Halladay sought authorization to sell the property to undisclosed prospective purchasers. Such authorization was sought because of the inability of Percy Turk, Trustee, to obtain financing to consummate the Halladay/Turk contract. Teachers thereafter objected to the second application insofar as such application contemplated an extension of time beyond May 2, 1980 within which to complete a sale of the property.

On April 28, 1980, Halladay served upon Teachers a copy of a proposed earnest money contract between Halladay and Fig Garden. The earnest money contract provided that Halladay would sell its interest in the property to Fig Garden for $200,000.00 subject to the liens and indebtedness owed to Teachers. Such $200,000.00 was to be paid by the immediate payment of $10,000.00 to Halladay and the balance evidenced by a note payable to Halladay. During the afternoon of April 28, 1980 this Court conducted a hearing on the second application.

A representative of the proposed purchaser testified in regard to the proposed purchase by Fig Garden. The representative admitted knowing that the property was posted for May 6, 1980 foreclosure, but contended that Fig Garden believed that it could induce Teachers to reconsider the proposed foreclosure. Without any objection or any evidence submitted by Teachers, the Court entered the April 30, 1980 order approving the sale from Halladay to Fig Garden.

On May 8, 1980, Teachers filed its motion for new trial or alteration of the April 30, 1980 order based on Bankruptcy Rule 923 which incorporates Rule 59 of the Federal Rules of Civil Procedure and Rule 60 of the Federal Rules of Civil Procedure. Teachers alleges that the immediate filing of a Chapter 11 proceeding by Fig Garden justifies this Court granting Teachers a new trial.

Teachers also contends that the Court's finding that the sale of property to Fig Garden being in the best interest of creditors was an error of fact which would further justify a new trial. The newly discovered evidence on which the motion is based was discovered after the April 28, 1980 hearing. Teachers determined that the representative of Fig Garden has been involved as general partner in 10 to 15 real estate bankruptcy proceedings in California and Texas.

Teachers contends that it is unconscionable to allow it to be subjected to a new Chapter 11 proceeding after completing fourteen (14) months of a Chapter XI proceeding in Houston. Teachers established that the assets and creditors of Fig Garden are identical to those of Halladay and the only distinction between the two entities would be the ownership thereof.

Halladay vigorously opposes the motion filed by Teachers on the grounds that it is moot inasmuch as the sale has occurred and further, that there were no misrepresentations or attempts to mislead Teachers at the April 28, 1980 hearing.

■ Teachers' motion under Rule 60 is based on the testimony of the Fig Garden representative that Fig Garden could obtain reinstatement of the loan from Teachers. No reinstatement occurred and consequently, Teachers contends the testimony was a misrepresentation. Relief under Rule 60 is not dependent upon a showing of deliberate falsehood in regard to misrepresentation. *Bros, Inc. v. W. E. Grace Manufacturing Company*, 351 F.2d 208 (5th Cir. 1965). However, the Court has carefully scrutinized the testimony of Mr. Martin Schultz, the Fig Garden representative, and cannot find misrepresentation as alleged to exist. Failure to achieve, what was at best, a hope or desire by Fig Garden is not an unintentional misrepresentation.

The motion under Rule 59 is partly predicated on involvement by Mr. Martin Schultz in other bankruptcy proceedings of which the Court and Teachers were unaware at the April 28, 1980 hearing. At the hearing on Teachers' two motions, Teachers established that Mr. Schultz was a participant in more than ten bankruptcy reorganization cases in Houston, Texas and California, all of which resulted in creditors receiving one hundred (100%) percent of their debt. The sole fact that Mr. Schultz had participated in bankruptcy proceedings cannot disqualify Fig Garden as a purchaser or as a candidate for reorganization under the Bankruptcy Code. On April 28, 1980, it was disclosed that Fig Garden was a shell corporation without assets prior to the purchase of the property. Teachers, although excusably ignorant of Mr. Schultz's other bankruptcy cases, could certainly be expected to know that Fig Garden could exercise the privilege of filing a Chapter 11 petition under the Bankruptcy Code. Such risk existed at the time of the Court's April 30, 1980 order approving the sale.

Teachers also contends that allowing Fig Garden to retain ownership or the property is violative of the savings provisions § 403(a), Pub.L. 95–598. In support of this conclusion, Teachers cites the case of *In re Geiger Enterprises, Inc.*, 4 B.R. 4, ¶ 67,422, *Bankruptcy Law Reports*, (W.D.N.Y., Feb. 29, 1980), which held a corporation in Chapter XI may not dismiss and refile a Chapter 11. The Court does not agree with the contention of Teachers that Fig Garden is a mirror of Halladay. The ownerships of the two corporations do not overlap whatsoever.

■ Although not directly dispositive of the motions, the Court must determine Halladay's mootness argument to arrive at its decision. Halladay sold the property pursuant to an order approving sale granted by this Court. Halladay argues that since Teachers did not obtain a stay, Halladay was justified in consummating the sale of the property to Fig Garden and the purchase is irreversible. Rule 62(b) provides that the Court may stay the execution of or any proceedings to enforce the judgment pending the disposition of a motion for new trial or to alter or amend a judgment made pursuant to Rule 59 or order made pursuant to Rule 60; however, such was not the case in this matter. But, when Teachers filed *timely* motions under Rules 59 and 60, the

sale had occurred (the sale being consummated on the date of the order) and there was nothing to stay except any new attempt to convey which was stayed by the Court and an appropriate bond filed by Teachers. In support of its mootness argument, Halladay cited *In the Matter of Combined Metals Production Company*, 557 F.2d 179 (9th Cir. 1977) in which the Court held, "those transfers simply cannot be voided or rescinded by us in this proceeding, where the purchasers, lessees and optionees are not parties and where the transactions have been consummated by the trustee." I do not agree that a Court may not rescind a sale which occurs during the ten day period after entry of the judgment if a timely motion is filed together with a bond. In the context of Rule 805 of the Bankruptcy Rules of Procedure and case law, parties appear to have been afforded an opportunity to obtain a stay of an approved sale within specified periods. To hold that a sale made within ten (10) days of the order approving sale is irreversible under any circumstances would deprive a party from attaining the status quo during an appeal or a motion under Rule 62 and, such a result, in my opinion, is clearly contrary to the intent of Rule 805 and Rule 62. Rule 805 contemplates that an order approving sale may be stayed and unless it is stayed, the sale to a good faith purchaser is final. Such a stay and appeal could easily be circumvented if the parties are allowed to consummate a sale immediately upon entry of an order.

Halladay contends that under the circumstances it was compelled to consummate the sale to Fig Garden within ten (10) days of April 30, 1980 inasmuch as at the end of the ten (10) day period, Teachers would have already foreclosed. Fig Garden acknowledged the intended foreclosure to take place on May 6, 1980 and notwithstanding same, indicated a willingness to proceed with the purchase and payment to Halladay of the sum of $10,000.00 as the cash consideration. Although the instrument executed by Halladay to Fig Garden on April 30, 1980 may be a deed, in view of the opinion of the Court that the sale is to be set aside, the Court construes the instrument to be merely the granting of an option to purchase until the automatic ten (10) day stay or any other stay entered by the Court expired.

Consequently, the sale to Fig Garden, consummated on April 30, 1980, is set aside and inasmuch as a stay of a new sale was entered, Halladay remains the owner of the property. The motion for new trial is granted because Fig Garden filed a Chapter 11 which is material evidence to be considered by this Court in approving or disapproving a sale to Fig Garden.

Counsel for Teachers will prepare an order in conformity with this memorandum opinion within five (5) days from the date hereof, and submit same to counsel for debtor for approval who shall thereupon submit same to the Court within two (2) days thereafter.