**In re Alfred Thielen WHATLEY, aka Alfred T. Whatley, aka Al Whatley, aka A.T. Whatley, Debtor.**

**Bankruptcy No. 92–17940 CEM.**

United States Bankruptcy Court,
D. Colorado.

July 1, 1993.

Craig D. Joyce, Walters & Joyce, P.C., Denver, CO, for Whatley Ranch Joint Venture, Ltd.

Philip A. Pearlman, Skeen & Pearlman, P.C., Denver, CO, for debtor, Alfred Thielen Whatley.

David M. Rich, Clanahan, Tanner, Downing & Knowlton, Denver, CO, for Mansfield Services, Inc.

## ORDER ON MOTION OF WHATLEY RANCH JOINT VENTURE, LTD. FOR STAY PENDING APPEAL

CHARLES E. MATHESON, Chief Judge.

### I. PRELIMINARY

On June 4, 1993, this Court entered four orders, those being (1) an order granting the Debtor's, Alfred Thielen Whatley's ("Debtor"), objection to the claim of Whatley Ranch Joint Venture, Ltd. ("WRJV") pursuant to which the claim filed by WRJV as an alleged creditor in this proceeding was disallowed in full; (2) an order authorizing the sale of the Whatley Ranch (the "Ranch"); (3) an order confirming the Debtor's plan of reorganization; and (4) an order denying WRJV's objections to the claim of Mansfield Services, Inc. ("Mansfield"). WRJV has filed a notice of appeal as to all four orders. It further seeks a stay pending that appeal and certain supplemental relief as is discussed below. A hearing was held on the motion for stay on June 15, 1993, and this order enters as a result of those hearing.

### II. BACKGROUND

At the time this Chapter 11 case was filed the Debtor was the owner of property located in Summit County, Colorado, near Breckenridge, Colorado, referred to herein as the "Ranch." The Debtor had entered into a contract prepetition to sell the Ranch to WRJV.

In the fall of 1990 the Debtor gave notice to WRJV that it was in default under the terms of the contract and that the contract was terminated. WRJV disputed the termination and a lawsuit resulted which was pending in the federal district court at the time this case was filed.

The Debtor's petition was filed in this Court because of financial pressures being exerted by other parties. The Debtor asserted that he had a desire to reorganize. However, the Debtor's reorganization could only be accomplished by way of the liquidation and sale of the Ranch property. The ability of the Debtor to sell the property was impaired because of the ongoing dispute with WRJV.

The Debtor asserted alternative objections to the position of WRJV in this proceeding. First of all, the Debtor continued to assert that any rights WRJV might have claimed in the Ranch property were lost at the time the notice of termination was given. In the alternative, the Debtor asserted that the WRJV contract was, in any event, an executory contract which the Debtor could, and did, seek to reject. Without determining the question of whether the contract was in fact in existence, the Court, after hearing, determined that rejection of the WRJV contract would be in the best interest of the estate and granted the Debtor's motion to reject the contract. That order has neither been stayed nor set aside.

After the order entered authorizing the Debtor to reject the WRJV contract, the Debtor entered into a separate contract to sell the Ranch to Summit Ranch Limited Liability Company ("Summit"). Among other things that contract required, by its terms, that all outstanding encumbrances on the property were to be paid and/or released prior to a closing of the sale.

The Debtor filed a motion with the Court styled as a "Motion to Sell Property Free and Clear of Liens and Interests and Confirm Chapter 11 Plan" ("Motion to Sell").

The representation in the Motion to Sell was that the closing of the sale to Summit would generate funds which would enable the Debtor to pay his creditors. The Debtor asserted that the agreement with Summit ought to be "approved by the Court as part of a confirmed plan of reorganization." He prayed for an order authorizing the sale of the property free and clear of liens as part of a confirmed Chapter 11 plan.

Notice was given to the creditors and parties in interest pursuant to Local Rule 23. That notice states that the Debtor requests that "the Court enter its order approving the sale of the Whatley Ranch free and clear of liens and interests pursuant to and as part of, the confirmation of a Chapter 11 plan."

Objections to the Motion to Sell were filed by WRJV. Objections were also filed by certain of the creditors in this case. In light of the provisions of the Motion to Sell and of the existence of the objections, the Court entered an order regarding the Motion to Sell which stated:

> The motion seeks approval of the sale as part of the Chapter 11 plan. Several objections have now been filed. Because the Debtor's disclosure statement has not yet been approved or a hearing set on either the disclosure statement or plan, Debtor's motion and the objections filed thereto will be held in abeyance to be considered if and to the extent the substance of the motion is part of the Chapter 11 plan proposed for confirmation.

In due course, the Debtor's disclosure statement was approved and the plan set for a confirmation hearing. The plan, as it ultimately came on for confirmation, contemplated the sale of the property to Summit pursuant to the contract and the distribution of the proceeds in payment of claims.

WRJV opposed both the sale of the property and confirmation of the plan. It asserted that it had continuing rights in the property and also asserted a substantial claim for damages for the termination of the contract and for its rejection. In advance of the June 4, 1993 hearings, the Court conducted hearings on the Debtor's objection to the claim of WRJV. On June 4, 1993, the Court announced its decision. The Court determined that the contract between the Debtor and WRJV had been validly and properly terminated in the fall of 1990 and that WRJV had, thereupon, lost all right and interest in the property. The Court also denied all monetary claims of WRJV.

■ The existence of the claim of WRJV had impaired the ability of the Debtor to confirm his plan. In addition, certain of the creditors had objected both to the sale to Summit and to confirmation of the plan. The Debtor acknowledged that his plan was not confirmable over the objection of the creditors. However, the disallowance of the claim of WRJV meant that there would be adequate dollars available to pay the creditors and to consummate the plan. It also meant that the objections of WRJV to the Mansfield claim, to the sale of the property and to confirmation of the plan were moot because WRJV did not have standing as a nonclaimant to contest those motions. *Agricredit v. Harrison (In re Harrison)*, 987 F.2d 677 (10th Cir.1993). In light of the Court's order disallowing the claim of WRJV, the other objections to the sale of the property and to confirmation of the plan were withdrawn.

■ With the objections to the sale and to confirmation withdrawn, the Court was prepared to approve the Debtor's Motion to Sell (to the extent that any such approval was necessary)[1] and to confirm the plan of reorganization. Accordingly, the Court entered its order approving the Motion to Sell. That order, which recites that it is an order approving the sale free and clear of liens pursuant to 11 U.S.C. § 363, finds that the sale to Summit would be in the best interest of the Debtor and the Debtor's estate and "further is an integral part of the confirmation of the Debtor's Chapter

---

**1.** If the sale is conducted pursuant to 11 U.S.C. § 363, an order authorizing the sale is not required if notice has been given and no objections have been filed.

11 plan of reorganization." The Court, thereupon, ordered "that the motion to approve the sale of the Whatley Ranch free and clear of interests pursuant to 11 U.S.C. § 363 as set forth in the agreement of purchase and sale dated November 30, 1992, and as amended on June 4, 1993, is hereby approved." The Court also, at the same time, entered its order confirming the plan and its order allowing the Mansfield claim.

The four orders to which WRJV now objects were all entered on June 4, 1993. Because the claim of WRJV was denied, thereby depriving that entity of any further standing in this proceeding, and all other objections were withdrawn, the order allowing the Mansfield claim, the sale order and the order confirming the plan entered as noncontested matters. Accordingly, no separate judgments were entered, although notice of the entry of the order confirming the plan was given to all creditors as required. A separate judgment should have entered on June 4, 1993, consistent with the entry of the order disallowing the claim of WRJV. Fed.R.B.P. 9021. However, that separate judgment did not actually enter until June 23, 1993.

On June 7, 1993, the sale to Summit was closed. Contemporaneous with that closing, and consistent with the terms of the contract and the plan, funds were then disbursed in payment of the claims of the creditors, both those whose claims were secured by liens against the Ranch property and unsecured claims. Some $400,000 in cash remains in the Debtor's hands together with the note delivered by Summit to the Debtor at the closing as required by the contract.

WRJV filed its notice of appeal as to all four orders on June 9, 1993. It also filed a motion for leave to appeal on an interlocutory basis. Finally, WRJV filed a motion for stay pending appeal. That motion was filed by WRJV without knowledge of the fact that the sale to Summit had in fact closed and funds had been distributed. WRJV now seeks an order restoring the status quo by setting aside the sale and requiring the parties who received funds to disgorge those funds and for a continuing stay pending the prosecution of its appeal.

## III. ANALYSIS

Rule 7062 of the Federal Rules of Bankruptcy Procedure incorporates the provisions of Rule 62 of the Federal Rules of Civil Procedure. That rule provides, in pertinent part:

> Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.

Rule 7062 excepts from the ten day stay of execution orders entered pursuant to section 363 of the Code authorizing the sale of property.

WRJV recognizes that the order entered by the Court approving the sale of the Ranch, if it was entered pursuant to section 363, was not stayed and that the closing of that sale was proper even though such closing took place prior to the expiration of ten days after the entry of the order. However, WRJV argues that the order was not entered pursuant to section 363 but was in fact done pursuant to and in furtherance of the plan of reorganization. Thus, it is argued that the exception under Rule 7062 for section 363 sales was not applicable. WRJV also argues that, in any event, the order confirming the plan was not "final" and that distributions under the plan were improper and must be disgorged.

The Court does not necessarily agree that the sale order was not an order entered pursuant to section 363 of the Code. The Court will acknowledge that the way in which the Debtor prosecuted this matter is confusing. The Motion to Sell the property filed by the Debtor does not make any reference to section 363. Instead, it seeks authority to sell the property as part of a confirmed plan. However, the disclosure statement makes explicit reference to the motion which it characterizes as one to sell pursuant to section 363(f) and the order authorizing the sale is itself premised on the authority of section 363. However, the resolution of this question does not resolve the other issues raised by the motion to

stay. Accordingly, for present purposes, the Court will presume that the order authorizing the sale of the Ranch was part of the confirmation order and was not a separate sale order under section 363.

The underlying premise of the motion to stay is that Fed.R.B.P. 7062 and its counterpart, Fed.R.Civ.P. 62, have the effect of making orders entered by the Court ineffective for a period of ten days following the date of entry of the order. From this premise WRJV argues that the Court's orders disallowing the claim of WRJV, authorizing the sale and confirming the plan did not become final and effective for ten days. Thus, because the orders were not final, the closing of the sale and the distribution of funds pursuant to the plan and in reliance on those orders, all of which occurred prior to the expiration of ten days, are, in the view of WRJV, invalid.

The argument proffered by the WRJV is not without support. There is a popular view that any order entered by the court, except for those explicitly excepted under Rule 7062, is not effective for ten days. *See In re Halladay Enterprises, Inc.,* 5 B.R. 83 (Bankr.S.D.Tex.1980). In addition, in discussing the scope of the amendments made in 1991 to Rule 7062 to add additional exceptions to the ten day stay of execution, one commentator has stated:

Other exceptions were considered for the 1991 Amendments. The Advisory Committee rejected the idea of making an order authorizing the sale of property pursuant to a plan and the confirmation of a plan additional exceptions. This was rejected because an order authorizing a sale of property pursuant to a plan should wait until the plan becomes "final." Moreover, there is no mootiness [sic] doctrine applicable to a sale of property pursuant to a plan since § 363(m) applies only to sales pursuant to § 363. It was felt that a plan should not be consummated until after the confirmation order becomes final by the expiration of the ten day period. Parties in interest should have ten days to learn of the confirmation and file a notice of appeal, and if appropriate, obtain a stay pending appeal if the appeal itself would be mooted by the distributions or other provisions under the plan. *Norton, Bankruptcy Rules,* Editors' Comment to Rule 7062, p. 498 (Clark, Boardman & Callaghan 1992).

The language of Rule 62 is limited in scope. The Rule does not say that every order or judgment entered shall be ineffective *for a period of ten days after entry.* Instead, the Rule states only that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry."

It is instructive to examine other provisions in the Federal Rules of Civil Procedure and the Bankruptcy Rules concerning stays pending appeal. For example:

A. *Fed.R.Civ.P. 62(e)* provides that when an appeal is taken by the Government and "the **operation** or enforcement of the judgment is stayed" no bond need be posted.

B. *Fed.R.B.P. 7069(a)* provides that the "procedure on execution, **in proceedings supplementary to** and in aid of a judgment, and **in proceedings on and in aid of execution**" shall be pursuant to state practices.

C. *Fed.R.Civ.P. 76(b)* reads: "The decision of the district judge shall be stayed for 10 days during which time a party may petition the district judge for rehearing, and a timely petition shall stay the decision of the district judge pending disposition of a petition for rehearing."

D. *Fed.R.B.P. 8005* authorizes the bankruptcy judge to, among other things, "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

E. *Fed.R.B.P. 8017(a)* reads: "Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 10 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel."

An examination of these various provisions of the Rules establishes that the framers of the Rules knew how to say that the judgment, and therefore its effect, would automatically be "stayed until the expiration of ten days after entry." Fed.R.B.P. 8017(a); Fed.R.Civ.P. 69(b). This is not the language which was chosen for Rule 62(a).

The stay provided for by Fed.R.Civ.P. 62(a) is essentially the same stay which can be achieved by the filing of a supersedeas bond when an appeal is filed. Fed.R.Civ.P. 62(d). However, the law is clear that a supersedeas does not affect the finality and decisiveness of the order appealed from. It merely stays execution on the judgment. *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (Idaho 1941); *Mississippi Power & Light Co. v. Town of Coldwater*, 234 Miss. 615, 99 So.2d 443 (1958).

The Ninth Circuit has recognized the limited scope of the stay provided by Fed.R.B.P. 7062(a) in the case of *In re Ewell*, 958 F.2d 276 (9th Cir.1992). The court was considering whether an appeal was moot because a sale of property authorized by the bankruptcy court had occurred prior to the expiration of ten days after the date of its entry. This issue arose prior to the amendment to Rule 7062(a) in 1991. The Court in *Ewell* states:

> Our cases strongly suggest that even if Bankruptcy Rule 7062 had not been amended, Rule 62(a) would have no application to judicially authorized sales of estate property in bankruptcy proceedings. By its terms, Rule 62(a) applies only to the "execution" or "enforcement" of a judgment. The debtor is aided by Bankruptcy Rule 9002(5), which provides that as used in those Federal Rules of Civil Procedure made applicable to bankruptcy cases the term "judgment" includes "any order appealable to an appellate court." We doubt, however, that the sale at issue here can be characterized as the execution or enforcement of a judgment. *Ibid*, 958 F.2d at 280.

The problem has been considered as well by the Colorado Supreme Court in the case of *Rocky Mountain Ass'n of Credit Management v. District Court of City and County of Denver*, 193 Colo. 344, 565 P.2d 1345 (1977). There the trial court had issued a 30 day stay of execution on a judgment. During the period of the stay the judgment creditor requested that the clerk of the court issue a copy of the transcript of judgment so that the creditor could record the judgment and effect a lien on the judgment debtor's property. The clerk declined to issue the transcript in light of the stay against execution. The Supreme Court held that the creditor was indeed entitled to the transcript of the judgment and to record the same notwithstanding the express stay of execution. The Court stated:

> The recording of the transcript of judgment does not, however, in and of itself, effect an execution upon the property of the debtor. The stay of execution prevents enforcement of the lien until such time as it expires, and, by virtue of the stay, the debtor is protected pending final resolution of the case. Clearly, the statutes and the rules are designed to protect the interests of both creditor and debtor, and the stay of execution provided for in C.R.C.P. 62 has no effect on the requirement that a transcript of judgment be issued on payment of the fee. *Ibid*, 565 P.2d at 1346–47.

It is important here to keep in mind the nature of the orders involved and the sequence of their entry. The first matter considered by the Court was the objection to the claim of WRJV. It was important to all parties that this be first resolved because, if the claim was allowed, the Debtor acknowledged that the plan was not capable of confirmation. In part that was because certain of the creditors had objected to both the sale of the property and the plan so long as there was a threat that distributions would have to be made to WRJV.

■ The order disallowing the claim of WRJV is akin to an order dismissing a plaintiff's complaint in an ordinary civil proceeding. Such orders are inherently self-executing. There is no need for the

prevailing party to have to commence execution or initiate other proceedings to "enforce" an order of dismissal. As a result, such orders are not affected by a supersedeas. *Gumberts v. East Oak Street Hotel Co.*, 404 Ill. 386, 88 N.E.2d 883 (1949); *Hidden Meadows Development Co. v. Mills*, 590 P.2d 1244 (Utah 1979). Neither should they be affected by the limited automatic supersedeas stay afford by Rule 7062(a).

The Court concludes that the order disallowing the claim of WRJV was a self-executing order which became effective and binding immediately upon entry, at least until otherwise explicitly stayed. The effectiveness of that order was not stayed by the limited stay afforded under Rule 7062(a).

The order allowing the Mansfield claim, the order authorizing the sale of the Ranch to Summit and the order confirming the plan were all entered in reliance on the Court's order disallowing the claim of WRJV. Because the order disallowing the claim was immediately effective, WRJV was found not to be a creditor in the case and, therefore, was not a party in interest having standing to object to the claims of other creditors, to the sale of the property or to confirmation. *See Agricredit v. Harrison (In re Harrison)*, 987 F.2d 677 (10th Cir.1993). In reliance on the order of disallowance Mr. Bailey withdrew his objection to the sale and to confirmation so that those orders could enter.

■ Like the order disallowing the claim of WRJV, the order allowing the Mansfield claim, the order authorizing the sale of the Ranch and the order confirming the plan were all self-executing orders.[2] None required the issuance of a writ of execution nor the institution of any enforcement proceedings in order to bring them to fruition. *See In re Ewell*, 958 F.2d 276 (9th Cir. 1992). Thus, the Court must conclude that

there was no stay by reason of Fed.R.B.P. 7062(a), or otherwise, to prohibit the parties from acting in reliance on those orders. This conclusion is particularly apt in this case. Here, WRJV was determined not to be a party in interest as to the Mansfield claim, the sale motion and the motion to confirm because its claim had been disallowed. Therefore, it is difficult to understand what standing WRJV has to either appeal the entry of those orders or, post-closing, to undo what was legitimately done in reliance on those orders. *Agricredit v. Harrison (In re Harrison)*, 987 F.2d 677 (10th Cir.1993).

Bankruptcy cases are rather unique kinds of proceedings, as the instant matter evidences. Because bankruptcy cases are ongoing, it is possible that an order affecting a party at one stage of the proceeding may have some later effect in connection with other proceedings. *See Smith v. Revie (In re Moody)*, 817 F.2d 365 (5th Cir. 1987). It is exactly this kind of problem which is addressed in Fed.R.B.P. 8005.

Rule 8005 deals with the authority of the bankruptcy court to grant relief during the pendency of an appeal. It states, in pertinent part:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

■ This Rule is directly applicable to the circumstances now before the Court. Here, upon the entry of the order of disallowance, WRJV might have requested that this Court suspend further proceedings concerning the Mansfield claim, the motion to sell or the confirmation of the Debtor's

---

2. This effect has been recognized in the following terms: "A basic principle of the bankruptcy law is to permit a confirmed plan of reorganization to go forward in reliance on the court order of confirmation in the absence of a stay pending appeal. Thus, even without the transfer of property and the impact of Code section 363(m),

it is possible that taking steps to consummate a plan of reorganization may render moot an appeal from the order of confirmation; so that a stay may be essential almost immediately after confirmation." *Norton, Bankruptcy Rules,* Comment to Rule 8005, p. 557 (Clark, Boardman, Callaghan 1992).

plan. In the alternative, WRJV might have requested an immediate stay or suspension of the orders which were entered authorizing the sale of the Ranch and confirmation of the plan. Such relief was not sought at the time the orders were entered.

The representation was made to the Court at the time of the hearing on the motion to stay that Summit, before proceeding to close on the contract, checked the docket at the Bankruptcy Court to verify that WRJV had neither filed a notice of appeal nor a motion to stay or suspend the orders. Finding that nothing had been filed by WRJV, the parties proceeded to close the sale and disburse the funds.

WRJV now asks this Court to set aside the sale, require the creditors who received monies under the plan to disgorge those funds and to hold all matters in abeyance pending its appeal of the order disallowing its claim. Indeed, only in this way can relief properly be granted because, if the claim of WRJV is now to be allowed, that claim cannot be paid without violating the provisions of the plan.[3] The only way the claim of WRJV, if allowed, could now be paid would be by requiring the other creditors to disgorge the payments they received under the plan. This would result in their being deprived of the benefit they bargained for in allowing the plan to be confirmed in the first instance. Thus, it is only by unwinding the entire transaction that effective relief can be extended.

The Court finds that Summit and the Debtor acted properly and in reliance on orders which were validly entered and fully effective. The Debtor's plan of reorganization has now been substantially consummated. Those steps could not have been achieved absent the determination by the Court that WRJV's claim should be disallowed in full.

It was within the power and ability of WRJV to immediately seek a stay of these orders pursuant to Fed.R.B.P. 8005. Such relief may or may not have been granted had it been requested. Regardless, the orders were not stayed. Under these cir-

cumstances, even assuming the Court has the authority to grant the kind of relief now sought by WRJV, the Court concludes that it would be improper to now undo what was validly done in reliance on this Court's orders. *In re Ewell*, 958 F.2d 276 (9th Cir.1992); *Huddleston v. Nelson Bunker Hunt Trust Estate*, 102 B.R. 71 (N.D.Tex.1989).

## IV. ORDER

Pursuant to the findings and conclusions made herein, it is

ORDERED, that the motions of Whatley Ranch Joint Venture, Ltd. to set aside the sale of the Debtor's Ranch and to require the disgorgement of distributions made pursuant to the confirmed plan of reorganization and to otherwise stay the effect of this Court's orders disallowing the claim of Whatley Ranch Joint Venture, Ltd., allowing the claim of Mansfield Services, Inc., authorizing the sale of the Ranch and confirming the plan ARE DENIED.

---

**3.** Pursuant to the express provisions of the plan, the cash now held by the Debtor is committed to the payment of taxes and administrative expenses.